CASE 70.—ACTION BY THE CITY OF PADUCAH AGAINST
J. L. JONES AND HIS SURETIES FOR A BREACH
OF HIS BOND AS A SALOON KEEPER, BY SELL-
ING LIQUOR THEREIN ON SUNDAY.—January 29.

# Jones, &c., va. City of Paducah

Appeal from McCracken. Circuit Court.

W. A. BERRY, Special Judge.

Judgment for plaintiff, defendants appeal—Re-
versed.

Intoxicating Liquors—Bonds of Dealers—Actions On—Sufficiency
of Evidence.—Where, in an action by a city on a bond con-
ditioned that the principal would conduct his liquor business
in a legal manner, the evidence shows that the principal's
clerk illicitly sold liquor on a single Sunday in his absence,
but does not show that his saloon was kept open at any time
before this, but, on the contrary, that it was kept closed, a
motion for a peremptory instruction should have been sus-
tained.

HENDRICK & CORBETT for appellant.

JAS. CAMPBELL, JR., for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Revers-
ing.

This is the second appeal of this suit. The opinion
on the former appeal is found in 126 Ky. 809, 104
S. W. 971, 31 Ky. Law Rep. 1205. Appellant, J.
L. Jones, was a saloon keeper in Paducah. He ran
a saloon, or, as it is called, a "coffee house," in con-

nection with a grocery. Albert Dumaine was his
clerk, and assisted him generally in the conduct of
his grocery business and the management of his bar.
It appears that during the absence of Jones the bar
was opened and liquor was sold to divers persons on
April 30, 1905. Thereafter the clerk, Dumaine, en-
tered a plea of "guilty" in the police court, and was
fined for selling on Sunday. Following this the city,
brought a suit upon the bond of J. L. Jones, seeking
to recover of him $1,000 for violation of his bond
as a saloon keeper. The petition set forth at length
the bond and the ordinances under which it was exe-
cuted, and then, in the following allegation, charged
the violation for which a forfeiture was sought: "Now
the plaintiff says that the defendant J. L. Jones, in
violation of his bond and covenant to the plaintiff,
and of the laws of the Commonwealth, and the laws
and ordinances of the city of Paducah, Ky., relating
to coffee houses, did, on Sunday, April 30, 1905,
while said license, bond, or covenant was in full
force and alive, offer for sale and did sell spirituous,
vinous, and malt liquors to divers and sundry per-
sons, and that he did, in violation of his bond and
covenant, and the laws and ordinances aforesaid, on
said day, or date, keep his coffee house open for the
transaction of business, and did offer for sale and
did sell spirituous, vinous, and malt liquors to divers
and sundry persons as aforesaid at and in his coffee
house, No. 1037 Burnett street, Paducah, Ky."—and
prayed that the city be awarded judgment for $1,000
against defendant Jones and his bondsmen. All of
the material allegations, except the execution of the
bond and the existence of the laws and ordinances
pleaded, were denied. On the former appeal the city
was the appellant, judgment having been rendered

against it.  The case was reversed because certain evidence was excluded which was, upon review here, held to be competent.  Upon its return to the circuit court the case was tried again, and a judgment for $1,000 was rendered in favor of the city against Jones and his bondsmen.  From that judgment he appeals.

The question for consideration upon this appeal is necessarily a narrow one.  On the former appeal this court, in passing upon the correctness of the ruling of the trial court, in excluding certain evidence, said that with the excluded evidence out of consideration there was no case made out, and the judge properly instructed the jury to find for the defendant. The evidence for plaintiff upon the last trial was no stronger than upon the first, and the plaintiff failed to establish by the witness Dumaine the facts which it was alleged in the avowal it could establish, to wit, that defendant had been in the habit of keeping his saloon open on Sunday.  One witness for plaintiff testifies that he had been in the habit of going to appellant's place of business every evening, and had theretofore been there on Sundays; but he also testifies that he had never bought or taken a drink in his saloon before the Sunday in question, and no witness testifies to ever having seen this saloon open on any Sunday before April 30, 1905.  This was the proof which appellee said it could make if permitted to do so, and the case was reversed, that such opportunity might be had.  We have read and re-read the record, and failed to find a scintilla of evidence to the effect that either the defendant or his clerk had ever, at any time before the Sunday in question, kept this saloon open.  On the contrary, it is shown that they had kept it closed.  No case was made out, and

the motion for a peremptory instruction should have been sustained.

The judgment is reversed, and cause remanded for further proceedings consistent herewith.